# Davis *against* The Commonwealth.

The bond of an auctioneer, in the city of Pittsburgh, is a security for his private customers, as well as for the payment of the duties to the commonwealth.

ERROR to the common pleas of *Alleghany* county.

The action below was instituted upon the official bond of Jacob Hanson, as one of the auctioneers of the city of Pittsburgh, against the plaintiff in error, John D. Davis, his surety. The claim upon which the cause of action is founded, arose out of a transaction between Dr John T. Stoxe deceased, and Hanson, on the deposit of a quantity of books, &c. left with Hanson to be sold at auction. Upon the trial of the cause, the account of sales was produced and a balance on account of the proceeds was found due by the said Hanson to the administrator of Stoxe.

The court below were requested to charge the jury that the action could not be supported, inasmuch as the official bond of an auctioneer of the city of Pittsburgh could not be resorted to by customers, or private dealers, and that the sureties of such auctioneer were only liable to the state in default of payment of duties, &c. by the principal.

The court, however, charged the jury that the surety was liable in the case before them.

To this charge error was assigned.

*Dallas,* for plaintiff in error.

III.—NN

[Davis v. The Commonwealth.]

The act of the 28th of March 1814, 6 *Smith's Laws* 223, provides for the appointment of an auctioneer for Pittsburgh; and the act of the 22d of March 1820, 7 *Smith's Laws* 274, for the appointment of an additional auctioneer. The act of the 2d of April 1822, which prescribes particularly the duties of an auctioneer, is confined in its operation to the city of Philadelphia. The object of the bond, in the present case, was to secure the payment of the duties to the Commonwealth. The penalty of it being small, shows the legislative intent to have been to exclude the claims of private customers. Lea et al. *v.* Yard, 4 *Dall.* 95; 2 *Term Rep.* 370; 2 *Wils.* 379; 4 *Ves. Jun.* 788; 3 *Dall. St. Laws* 131.

*Fetterman,* for defendant in error, the court declined hearing. He cited, The Bank of the Northern Liberties *v.* Cresson, 12 *Serg. & Rawle* 312; 6 *Binn.* 292.

PER CURIAM.—It is not pretended that there is any essential difference between the laws for the appointment of auctioneers in Pittsburgh, and those under which Lea *v.* Yard was decided. That case was determined on great consideration by the court in the last resort; and it governs the point here.

Judgment affirmed.